## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **NATALIE SMITH-CROCKETT,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO.** |
| | : | **3:06-cv-01798 (VLB)** |
| **BULLARD-HAVENS TECHNICAL** | : | |
| **HIGH SCHOOL ET AL.,** | : | |
| **Defendants.** | : | **November 26, 2008** |

### MEMORANDUM OF DECISION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Doc. #30]

The plaintiff, Natalie Smith-Crockett, filed this action against the defendants, Bullard-Havens Technical High School ("Bullard-Havens") and the Connecticut State Department of Education. The plaintiff claims that the defendants subjected her to racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. Stat. § 46a-51 et seq. The plaintiff also claims that the defendants defamed her and invaded her privacy. The defendants now move for summary judgment as to the Title VII claims, arguing that the plaintiff has failed to establish a prima facie case of racial discrimination and retaliation.

For the reasons stated below, the Court agrees with the defendants' argument and GRANTS their motion for summary judgment as to the plaintiff's Title VII claims. The Court declines to exercise jurisdiction over the state law claims and therefore DISMISSES them without prejudice to refiling in Connecticut Superior Court.

The following undisputed facts are relevant to the defendants' motion for summary judgment. The plaintiff is an African-American woman who began working as an instructor in the computer education department at Bullard-Havens in 2000. At that time, the two other instructors in the department, Mary Ellen Iannucci, who is white, and Mary Sneed, who is African-American, had more seniority than the plaintiff. In 2004, Bullard-Havens decided to reduce staffing in the department and reassigned the plaintiff to the new position of in-school suspension officer. Despite that reassignment, the plaintiff retained the title, salary, benefits, and seniority of her previous position as a computer education instructor.

In April 2005, Bullard-Havens eliminated the computer education department and reassigned Iannucci to the plaintiff's position of in-school suspension officer. Pursuant to the employees' union contract, Sneed bumped another person from that person's position at a different technical high school. The plaintiff expected to bump another computer education instructor at a different school but later learned that there was no such junior instructor whom she could bump. Thereafter, on May 16, 2005, the plaintiff was reassigned to the position of permanent substitute, effective at the beginning of the next school year. On May 18, 2005, she filed a grievance in which she claimed that she had been denied her bumping rights, but that grievance was denied. As a permanent substitute, the plaintiff retained her previous salary and benefits, but she submitted applications for other available positions. After approximately one

month as a permanent substitute, the plaintiff's application for a position as a computer education instructor at E.C. Goodwin Technical High School ("Goodwin") was approved, and she assumed that position in October 2005. Approximately six months later, the plaintiff was promoted to the position of school-to-career instructor at Goodwin, the position that she currently holds.

On December 12, 2005, the plaintiff filed a racial discrimination and retaliation complaint against the defendants with the Connecticut Commission on Human Rights and Opportunities (CHRO). The parties agree that the plaintiff had not complained about racial discrimination or retaliation before filing the CHRO complaint. The CHRO released jurisdiction over the complaint, and the plaintiff then filed the present case. The plaintiff alleges that the following actions by the defendants were racially discriminatory and retaliatory: (1) her reassignment from computer education instructor to in-school suspension officer at Bullard-Havens; (2) her reassignment from in-school suspension officer to permanent substitute; (3) the denial of her bumping rights; and (4) the requirement that she submit an application for, rather than be directly reassigned to, the computer education instructor position at Goodwin. The defendants move for summary judgment on the ground that the plaintiff has not discovered any evidence tending to show that she was subjected to racial discrimination or retaliation.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(c). The Court "construe[s] the evidence in the light most favorable to the non-moving party and . . . draw[s] all reasonable inferences in its favor." Huminski v. Corsones, 396 F.3d 53, 69-70 (2d Cir. 2004). "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied." Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH, 446 F.3d 313, 315 (2d Cir. 2006). "The moving party bears the burden of showing that he or she is entitled to summary judgment." Huminski, 396 F.3d at 69. "[T]he burden on the moving party may be discharged by 'showing'—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002). "If the party moving for summary judgment demonstrates the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor." Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp., 302 F.3d 83, 91 (2d Cir. 2002).

The Court focuses on the plaintiff's Title VII claims because they constitute the only basis on which this Court's jurisdiction is asserted. "To withstand a motion for summary judgment, a discrimination plaintiff must withstand the three-part burden-shifting [test] laid out by McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973) . . . . In a nutshell, a plaintiff first bears the 'minimal' burden of setting out a prima facie discrimination case,

4

and is then aided by a presumption of discrimination unless the defendant proffers a 'legitimate, nondiscriminatory reason' for the adverse employment action, in which event, the presumption evaporates and the plaintiff must prove that the employer's proffered reason was a pretext for discrimination." McPherson v. New York City Dept. of Education, 457 F.3d 211, 215 (2d Cir. 2006). "The plaintiff must first establish a prima facie case by demonstrating that:  (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she suffered [an] adverse employment action; and (4) the action occurred under conditions giving rise to an inference of discrimination."  Demoret v. Zegarelli, 451 F.3d 140, 151 (2d Cir. 2006).  In the present case, the parties agree that the plaintiff satisfies the first two elements of her prima facie case of racial discrimination.

As to the third element, "[e]mployment actions that have been deemed sufficiently disadvantageous to constitute an adverse employment action include a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation. . . .  As these examples suggest, [t]o be materially adverse a change in working conditions must be more disruptive than a mere inconvenience or an alteration of job responsibilities. . . .  [A]n involuntary transfer may constitute an adverse employment action if the plaintiff show[s] that the transfer created a materially significant disadvantage with respect to the terms of her employment."

<u>Williams v. R.H. Donnelley, Corp.</u>, 368 F.3d 123, 128 (2d Cir. 2004). "[A]n adverse employment action can exist when an employee's new assignment is materially less prestigious, materially less suited to his skills and expertise, or materially less conducive to career advancement." <u>Beyer v. County of Nassau</u>, 524 F.3d 160, 165 (2d Cir. 2008).

In the present case, the plaintiff was reassigned from computer education instructor to in-school suspension officer, then to permanent substitute, then back to computer education instructor, and finally was promoted to school-to-career instructor. Although it is difficult to determine from the record the relative prestige of those four different positions, it appears that the position of permanent substitute is less prestigious and less conducive to career advancement than the plaintiff's original position of computer education instructor. The reassignment to permanent substitute did not afford the plaintiff the opportunity to use her education, training, and experience to their full extent, and the reassignment did not allow her to advance her career. Therefore, the reassignment satisfies the requirement of an adverse employment action.

As to the final element of the prima facie case, however, the Court concludes that the circumstances of the plaintiff's reassignments do not give rise to an inference of racial discrimination. The plaintiff was the junior member of the computer education department at Bullard-Havens, and when the school reduced the number of positions in the department from three to two, the plaintiff was reassigned to in-school suspension officer. Within one year, the two

remaining positions in the department were eliminated, resulting in the need to reassign Iannucci and Sneed, the more senior employees who had held those positions. Because Iannucci was the most senior employee, she was reassigned to in-school suspension officer. Sneed then exercised her bumping rights to receive a position at another school. As the junior employee, the plaintiff was not able to bump anyone else, so she was reassigned to permanent substitute, retaining her previous salary and benefits. After the plaintiff spent approximately one month as a permanent substitute, a computer education position became available. The plaintiff applied for that position in accordance with her union contract and was hired. She was then promoted six months later to school-to-career instructor. The reassignments of the plaintiff, Iannucci, and Sneed suggest the inference that the defendants transferred them on the basis of seniority and the provisions of the union contract. The plaintiff has not offered any evidence that suggests she was transferred because of her race and, therefore, she has failed to establish a prima facie case of racial discrimination.

The Court next considers the plaintiff's claim of retaliation. "In order to present a prima facie case of retaliation under Title VII . . . a plaintiff must adduce evidence sufficient to permit a rational trier of fact to find (1) that he engaged in protected participation or opposition under Title VII . . . (2) that the employer was aware of this activity, (3) that the employer took adverse action against the plaintiff, and (4) that a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse

employment action." <u>Kessler v. Westchester County Dept. of Social Services</u>, 461 F.3d 199, 205-06 (2d Cir. 2006).

The protected activity in this case consists of the plaintiff's grievance and CHRO complaint. As the undisputed facts indicate, the plaintiff filed the grievance after she was reassigned to the position of permanent substitute. Therefore, that reassignment could not have been motivated by the grievance. Similarly, the plaintiff filed her CHRO complaint two months after she was reassigned to her original position of computer education instructor. The only employment actions taken with respect to the plaintiff after she filed the grievance were her reappointment as a computer education instructor and her promotion to school-to-career instructor. Both of those actions were positive. Because the defendants did not take an adverse action against the plaintiff in response to her grievance and CHRO complaint, her claim of retaliation fails.

The defendants' motion for summary judgment [Doc. #30] is GRANTED as to the plaintiff's Title VII claims. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the plaintiff's state law claims and DISMISSES them without prejudice to refiling in Connecticut Superior Court. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut:  November 26, 2008.